Mohlke v. The People.

# Eliza Mohlke v. The People of the State of Illinois, ex rel. Katie C. Moore, adm'x.

1. ADMINISTRATION ACT—*section 81 construed.* This section of the Administration Act construed to apply only to that property of a decedent owned at the time of his death which has not at the time of the petition filed thereunder been reduced to possession by the executor or the administrator, and has no application where such personal representative has once had possession of the property involved in the petition and has lost or parted therewith.

2. ADMINISTRATION ACT—*pleading under section 81.* A proceeding under this section of the Administration Act is regarded as of an equitable nature, and pleadings filed thereunder are to be treated and regarded as pleadings in equity.

3. ADMINISTRATION ACT—*when sufficiency of affidavit to petition filed under section 81, is waived.* Where to such a petition the respondent has interposed a motion to quash, which, being overruled, is followed by an answer, such respondent is deemed to have waived the sufficiency of the affidavit to such a petition.

4. ADMINISTRATION ACT—*when finding under section 81, will not be disturbed on appeal.* A finding of fact in a proceeding under section 81 of the Administration Act will not be disturbed on review where the Appellate Court cannot say that the same is not clearly right.

5. PARTY IN INTEREST—*when, incompetent.* A party in interest to a proceeding instituted under section 81 of the Administration Act is incompetent in his own behalf inasmuch as the petitioner proceeds in a representative capacity.

Proceeding under section 81 of the Administration Act. Appeal from the Circuit Court of Sangamon County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1903. Reversed and remanded. Opinion filed January 6, 1905.

S. H. CUMMINS, for appellant.

HAMILTON & CATRON, for appellee.

MR. JUSTICE GEST delivered the opinion of the court.

This is a petition under oath by Katie C. Moore, as administratrix of the estate of Frederick Klor, deceased, under section 81 of the act in regard to the administration of estates.

Petitioner states, among other things, that she believes that appellant, Eliza Mohlke, has in her possession and

under her control two certain promissory notes, each dated December 4, 1900, each for the sum of $392.50, one payable September 1, 1901, the other payable February 1, 1902, both payable to said Frederick Klor and signed by said Eliza Mohlke; also a chattel mortgage of same date as the notes, made by said Eliza Mohlke as mortgagor, to said Klor as mortgagee, and duly recorded in Sangamon county, and that said notes and mortgages are the property of said estate. The petition was filed in the County Court of Sangamon county July 22, 1901, and on the same day the County Court ordered citation to issue against said Eliza Mohlke and thereupon on the same day citation was issued returnable to the August term, 1901, of the said County Court, which citation was duly served on Eliza Mohlke.

At the August term the petitioner, Katie C. Moore, appeared in person and by attorney, and the defendant Mohlke also appeared in person and by attorney, and thereupon Mrs. Mohlke was examined under oath by petitioner and the court heard other evidence adduced by the petitioner and the defendant, and ordered that the said notes and mortgage be turned over and surrendered by defendant Mohlke to petitioner as administratrix aforesaid. There were no pleadings in the County Court except the said petition nor was any objection made in any form to the sufficiency of the petition. The defendant appealed to the Circuit Court of Sangamon county. At the November term of the said Circuit Court the defendant moved the court to quash the citation, setting forth divers grounds. The court overruled the motion and the defendant Mohlke filed an answer under oath to the petition. At the March term, 1903, the court heard the cause upon the said petition and answer and evidence produced by the respective parties, and made the same order as the County Court had entered, that said Mohlke surrender said notes and mortgage to said administratrix, Katie C. Moore, and pay the costs of the proceeding. From this order the said defendant Mohlke has appealed to this court.

It is very earnestly and forcibly argued by counsel for

appellant that the petition or affidavit on which the cita-
tion was issued was insufficient and that his motion to quash
the citation should have been sustained; that proper and
sufficient statement should be made in the affidavit, or the
citation and all proceedings thereunder would be void for
want of jurisdiction.

The language of the section is not clear. It will be no-
ticed there is no requirement that an affidavit or sworn
petition should be filed. The terms are: "If any executor
*   *   *   shall state upon oath to any County Court," etc.
Doubtless an affidavit is usually filed but it is not required.
The statute refers to the property concerning which the
proceeding is instituted as "belonging to any deceased
person." That language taken literally does not state the
legislative intent; a dead man can own no property; there
is no property "belonging to any deceased person." Some
words must be supplied. If the words "at his death" are
added, the phrase then reads "belonging to any deceased
person at his death," and is intelligible; and yet with the
addition of these words the language is obscure in another
particular. Does the section mean any and all property
"belonging to any deceased person at his death" or only
property of that description which has not been previously
reduced to possession by the executor or administrator?
It is manifest to us that what is intended is as last men-
tioned. The scope of the statute is to enable the personal
representative of the deceased to obtain possession of the
property belonging to deceased at the time of his death.
If at any time after the personal representative obtains
possession he loses or parts with the possession he must
bring his appropriate action at law to regain it. And in
any case, where the property did not belong to the deceased
at the time of his death, the power of the court under the
section cannot be successfully invoked. Jurisdiction is
either of the person or the subject-matter. There is no
question of jurisdiction of the person of the appellant,
Mohlke. She was served with the citation and duly ap-
peared in person and by attorney in the County Court, and

in the County Court no objection was made by her to the affidavit or citation; the court proceeded with the hearing and made its order against appellant and she thereupon appealed to the Circuit Court. In the Circuit Court for the first time she objected to the affidavit, and upon the ground that the court had no jurisdiction of the subject-matter. The statute provides for no written pleadings, for no bill or petition or affidavit, no demurrer or answer, yet it is an equitable proceeding, and when papers are filed we think they should be considered and treated as pleadings in equity. Martin v. Martin, 170 Ill., p. 27. The motion of defendant to quash the citation was in the nature of a demurrer to the affidavit, treating that as a bill or petition. When that was overruled by the Circuit Court, the defendant could have abided by her demurrer if she saw fit. She answered and the court proceeded with the hearing. Upon the hearing the only question litigated was whether the defendant had in her possession two notes and a chattel mortgage "belonging to the deceased person, Frederick Klor, at his death, and which had never come into the possession of the administratrix, Katie Moore." Defendant's answer contains the following language: "This defendant specifically denies that said notes or either of them is or was at the time of the death of the said Frederick Klor his property." This was precisely the subject-matter which both the County Court and the Circuit Court had jurisdiction to try. In our opinion the affidavit was defective but the defendant having waived her demurrer and the record showing that the court had jurisdiction to try the subject-matter which was in fact heard but which was defectively stated, we think the defendant cannot now be heard to complain on that ground. In general chancery proceedings the rule is that the *allegata* and the *probata* must agree; the complainant cannot state one case and prove another and obtain decree thereon. In such case he must amend his bill to correspond with the proof before he shall be entitled to a decree; but this is not a regular proceeding in chancery. It is a summary proceeding under the statute but of an

equitable character, and in which the trial court proceeds upon equitable principles to arrive at the right and the justice of the matter. Martin v. Martin, 170 Ill. 24.

It is argued that the court erred in refusing to admit proper evidence offered by defendant, Mohlke. The witness, Samuel Cummins, was called by defendant, Mohlke and testified that on the evening before Frederick Klor's death, in the room where Klor lay upon his bed, and while Mrs. Mohlke and witness were beside his bed, Mrs. Mohlke said that "Mr. Klor had done very well by her, and had given her the notes for her trouble." The court struck the testimony out. This evidence was admissible. Martin v. Martin, 174 Ill. 371. The testimony of Christopher Mohlke, husband of defendant, was offered for the same purpose, as we understand, but was properly rejected, for the reason that he was a co-maker with defendant of the notes and was consequently interested in behalf of defendant and himself and against the administratrix.

The most important question in this case arises upon the error assigned in finding the issue for the petitioner. The trial court heard and saw the witnesses, and for that reason was better able than we are to determine the weight to be given to their testimony. We have, however, carefully read the abstract and the record at large. We cannot say therefrom that the finding and judgment are clearly right. The most that can be said is that the evidence is conflicting. The evidence does show that Mrs. Mohlke came into possession of the notes before Mr. Klor's death, and that she claimed to be the owner thereof—to be rightly in possession. The presumption of law is that she obtained such possession lawfully. The burden is upon the petitioner to show to the contrary. Martin v. Martin, 174 Ill. 373, and cases cited. The testimony of the witness, Samuel Cummins, should have been heard and considered by the court in determining the issue. Kiser, a witness for defendant, was asked if he did not tell Mrs. Moore at a certain time and place that he would like to see a settlement between Mr. Klor and Mrs. Mohlke, because, if there

was none, she would beat him out of everything he had. Kiser denied making such a statement. Mrs. Moore was called, and, over defendant's objection, testified that he did make such statement. The question asked Kiser was irrelevant and incompetent in every respect. If answered by Kiser in the affirmative it would only go to show his private opinion of Mrs. Mohlke, which was of no significance whatever; and answered, as it was, in the negative, it furnished no ground for impeachment. The defendant's objection should have been sustained. We do not deem it desirable to discuss the evidence at large or to express any opinion as to where the preponderance lies. We have above suggested that it is at least a case where all legally admissible evidence should be admitted and considered, and all improper evidence excluded from consideration.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*